48 F.3d 1235
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 RED VALVE COMPANY, INC., Plaintiff-Appellee,
v.
ELASTO-VALVE RUBBER PRODUCTS, INC., Defendant-Appellant.
 No. 94-1418.
 United States Court of Appeals, Federal Circuit.
 Feb. 3, 1995.
 
 W.D.Pa.
 AFFIRMED.
 Before PLAGER, SCHALL and BRYSON, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Elasto-Valve Rubber Products, Inc., (EVR) appeals from the final judgment of the United States District Court for the Western District of Pennsylvania, Civil Action No. 93-CV-989, entered against it on a jury verdict in favor of Red Valve Company, Inc. (Red Valve). The jury found that EVR had infringed claim 1 of U.S. Patent No. 4,607,663 (the '663 patent). We affirm.
 
 DISCUSSION
 
 2
 The '663 patent is directed to an improved tide gate valve for use on storm sewer pipes. The patent claims a duckbill-shaped rubber valve that is both sufficiently flexible to open easily and strong enough to resist inversion and sagging. As disclosed in the specification of the '663 patent, the valve includes a staggered arrangement of "pads" of reinforced rubber inserted into the valve's sleeve and lips. The pads provide rigidity to prevent sagging and resist inversion under backflow pressures, and hinge regions between the pads provide the flexibility needed to allow the valve to open in response to a relatively small pressure differential.
 
 
 3
 EVR argues that its accused valve does not infringe claim 1 of the '663 patent, either literally or equivalently. Red Valve does not dispute that the accused valve does not infringe literally, but contends that the evidence established infringement under the doctrine of equivalents.
 
 
 4
 EVR's accused valve performs in the same general manner as the claimed invention, by using reinforced plies for strength, along with softer hinge regions to permit the valve to open readily. The EVR valve, however, uses unwoven tire cord to reinforce the valve's lips and to secure the lips to the valve's body, rather than a staggered arrangement of reinforced pads, as claimed in claim 1 of the '663 patent. In addition, the EVR valve does not employ a reinforced rubber ring at the point at which the valve is attached to the sewer pipe.
 
 
 5
 In light of the differences between the claimed invention and the accused device, there is room for argument as to whether the EVR valve infringes claim 1 under the doctrine of equivalents. Red Valve, however, presented sufficient evidence based on which reasonable jurors could have found infringement. Red Valve's expert, Dr. Harold Paxton, testified at some length, comparing the EVR valve to the claimed invention. The jury also heard testimony on that issue from officials of both companies, and Red Valve introduced evidence that suggested copying by EVR. Although one sentence in the district court's instruction on the doctrine of equivalents, read in isolation, was arguably ambiguous, the court's entire instruction on that issue was amply clear. We therefore find no reason to upset the judgment based on either the asserted insufficiency of the evidence of infringement or the claimed inaccuracy of the court's instructions.
 
 
 6
 EVR argues that Red Valve failed to elicit sufficiently detailed testimony comparing the claimed invention and the accused device for purposes of the doctrine of equivalents, as required by this court's decisions in Lear Siegler, Inc. v. Sealy Mattress Co., 873 F.2d 1422, 1426, 10 USPQ2d 1767, 1770 (Fed.Cir.1989), and Malta v. Schulmerich Carillons, Inc., 952 F.2d 1320, 1327, 21 USPQ2d 1161, 1165-66 (Fed.Cir.1991), cert. denied, 112 S.Ct. 2942 (1992). We disagree. The testimony in this case was far more detailed than the brief and conclusory statements by witnesses that were found inadequate in Malta and Lear Siegler. Viewed in its entirety, the testimony presented at trial--particularly the testimony of Red Valve's expert on direct and cross-examination--sufficiently addressed each element of the tripartite "function, way, and result" test for infringement under the doctrine of equivalents.
 
 
 7
 We have considered EVR's other arguments and find them to be without merit. The district court's decision to permit Dr. Paxton to testify as an expert was well within the court's discretion, as were the court's decisions imposing limits on the testimony of EVR's proposed expert witnesses, limits that were justified by the limitations of the experts' knowledge or experience. The court likewise acted within its discretion in refusing to permit EVR to amend its answer following Dr. Paxton's testimony to raise new defenses of patent invalidity based on insufficient written description and lack of enablement, see 35 U.S.C. Sec. 112. Contrary to EVR's submission, nothing in Dr. Paxton's testimony made the '663 patent any more vulnerable on those issues than it was on the day the complaint was filed. Finally, the court did not abuse its discretion by declining to permit EVR to introduce a large number of patents and publications proffered as prior art, when EVR had failed to comply with the 30-day statutory notice period for such materials set forth in 35 U.S.C. Sec. 282. In light of the large number of items of prior art and the burden that preparing to respond to those items would impose on Red Valve, the district court did not abuse its discretion by refusing to disregard the statutory notice requirement.